# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| United States of America, | ) |
| | ) |
| | ) Criminal Action No.: 6:16-cr-00047-JMC-1 |
| v. | ) |
| | ) **ORDER AND OPINION** |
| | ) |
| Retta Helms Sundblad, | ) |
| | ) |
| Defendant. | ) |
| | ) |

This matter is before the court on Defendant Retta H. Sundblad's ("Defendant") Motion to Vacate, pursuant to 28 U.S.C. § 2255, filed on May 7, 2018. (ECF No. 172.) On June 12, 2018, the United States of America ("the Government") filed its Response in Opposition to Defendant's Motion. (ECF No. 178.) For the reasons set forth below, the court **DENIES** Defendant's Motion to Vacate.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On January 12, 2016, a grand jury indicted Defendant for devising a scheme and artifice to defraud, in violation of 18 U.S.C. §§ 2 and 1341. (ECF Nos. 1-2.) On June 8, 2016, Defendant entered a guilty plea. (ECF No. 48.) On May 15, 2017, Defendant was sentenced to fifty-one (51) months of imprisonment, three (3) years of supervised release, a special assessment fee of $100.00, and restitution in the amount of $208,548.96. (ECF No. 160.) There was no direct appeal following the sentence.

On May 3, 2018, Defendant, proceeding *pro se*, filed her Motion to Vacate, pursuant to 28 U.S.C. § 2255, arguing ineffective assistance of counsel under the Sixth Amendment of the United

1

States Constitution.[1] (ECF No. 172 at 4-9.) In her Motion, Defendant alleges that her counsel: (1) failed to advise her of the effect of a sentencing enhancement and did not disclose her true sentencing exposure; (2) committed various errors in regard to correcting, presenting, or supplementing evidence; and (3) failed to be an effective advocate. (*Id.*) On June 12, 2018, the Government filed its Response in Opposition to the Motion to Vacate. (ECF No. 178.) In essence, the Government argues that Defendant's counsel provided effective assistance when representing Defendant at her sentencing hearing. (ECF No. 178.) Specifically, among numerous other arguments, the Government maintains that Defendant's counsel presented extensive argument and evidence of mitigating circumstances, was a meaningful advocate, and did not fail to correct any misleading testimony. (*Id.* at 6-11.)

## II. STANDARD OF REVIEW

A prisoner in federal custody may petition a federal court that imposed their sentence to vacate, set aside, or correct that same sentence. 28 U.S.C. § 2255. Pursuant to 28 U.S.C. § 2255, a prisoner may be entitled to relief upon showing: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) a federal court was without jurisdiction to impose a sentence; (3) a sentence was in excess of the maximum authorized by law; or (4) a sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A prisoner attacking a sentence, proceeding under § 2255, bears the burden of proving the grounds for attack by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) ("Because proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the

---

[1] Under the prison mailbox rule, "a pro se litigant's legal papers are considered filed upon 'delivery to prison authorities, not receipt by the clerk.'" *United States v. McNeill*, 523 F. App'x 979, 981 (4th Cir. 2013) (quoting *Houston v. Lack*, 487 U.S. 266, 275 (1988)). In the instant case, Defendant's Motion was filed on May 3, 2018, because this was the day on which it was placed in the prison mailing system under penalty of perjury. (ECF No. 172 at 13.)

burden of proof is upon petitioner to establish by a preponderance of evidence that he did not intelligently waive his right to assistance of counsel." (citations omitted)). In ruling on a § 2255 motion, the court may dismiss the motion without a hearing when "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings, that the moving party is not entitled to relief . . . ." Rules Governing Section 2255 Proceedings 4(b). *See also* U.S.C. § 2255(b) ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing there on . . . .").

Under the Sixth Amendment of the United States Constitution, a criminal defendant is guaranteed the assistance of counsel for his or her defense. U.S. Const. amend. VI. The purpose of the Sixth Amendment's guarantee of effective counsel is to ensure that a defendant has the necessary assistance to justify reliance on the outcome of the proceeding. *Strickland v. Washington*, 466 U.S. 668, 691-92 (1984). When evaluating an ineffective assistance of counsel claim, there is a strong presumption that counsel's conduct falls within the wide range of reasonable, professional assistance. *Strickland*, 466 U.S. at 689. In order to succeed on an ineffective assistance of counsel claim, "a defendant must show that: (1) counsel's performance fell below an objective standard of reasonableness (the performance prong); and (2) the deficient representation prejudiced the defendant (the prejudice prong)." *United States v. Carthorne*, 878 F.3d 458, 465 (4th Cir. 2017) (citing *Strickland*, 466 U.S. at 687-88). "A court need not address both components of this inquiry if [a] defendant makes an insufficient showing on one." *Furnace v. United States*, No. 4:11-cr-00014-RBH, 2011 WL 13177178, at *2 (D.S.C. Dec. 1, 2011) (citing *Strickland*, 466 U.S. at 697).

In regard to the performance prong, a defendant must identify specific acts or omissions of counsel that are not the result of reasonable, professional judgment. *Strickland*, 466 U.S. at 690.

In light of all circumstances, keeping in mind that counsel's function is to advance the adversarial process, the court must determine whether the identified acts or omissions were outside the range of professional, competent assistance. *Id.* As such, a defendant must show that "counsel's performance 'fell below an objective standard of reasonableness' under prevailing professional norms." *United States v. Brown*, F. App'x, 250, 251 (2008) (quoting *Strickland*, 466 U.S. at 688). A court reviews "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.*

Concerning the prejudice prong, a defendant must show that "counsel's errors were so serious as to deprive [him or her] of a fair trial, a trial whose result is reliable." *Id.* at 687. "[T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Typically, "[a] defendant is not prejudiced if his counsel fails to make an objection that is 'wholly meritless under current governing law[.]'" *Rodriguez v. Bush*, 842 F.3d 343, 346 (4th Cir. 2016) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 374 (1993)). The United States Supreme Court has noted that not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding. *Strickland*, 466 U.S. at 693. In addition to the foregoing, "[the] prejudice analysis contains another layer in the context of a guilty plea." *United States v. Santiago*, 632 F. App'x 769, 773 (4th Cir. 2015). "Because a guilty plea is a 'solemn declaration[] in open court,' it has 'strong presumption of verity' that [a court] will not set aside on 'subsequent presentation of conclusory allegations unsupported by specifics.'" *Id.* (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). As such, "strict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage." *Premo v. Moore*, 562 U.S. 115, 125 (2011).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12–cv–0118–GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. 1997).

## III. DISCUSSION

As recounted above, Defendant asserts the following arguments, which address ineffective assistance of counsel, in support of her Motion: (1) counsel failed to advise Defendant of the sentencing enhancements and exposure; (2) counsel did not present mitigating evidence or correct false testimony; (3) counsel neglected to cite *Nelson v. Colorado*; and (4) counsel failed to act as a meaningful advocate. (ECF No. 172 at 5-9.) The court will address each assertion by Defendant in turn.

**A. Failure of Counsel to Advise Defendant of the Sentencing Enhancements and Exposure**

Defendant claims that her counsel failed to advise her on the effect of sentencing enhancements and exposure. (ECF No. 172 at 5-9.) Specifically, Defendant believes that her counsel was ineffective in challenging the loss amount at issue and that she should have only been subject to a loss amount for which she was responsible. (*Id.*) Additionally, Defendant argues that counsel failed to argue against the sentencing enhancements that resulted in Defendant's use of sophisticated means and abuse of a position of trust. (*Id.*) However, Defendant's counsel did object to these enhancements throughout the sentencing. (ECF No. 180 at 34-35.) Additionally, during the sentencing hearing, Defendant acknowledged that she discussed the guidelines with counsel and how the enhancements could alter her sentence. (*Id.* at 28-29.) Therefore, Defendant's

argument is without any merit, and Defendant has failed to show that her counsel's performance fell below an objective standard of reasonableness in this regard. *Strickland*, 466 U.S. at 690.

**B. Mitigating Evidence and Attempt to Correct False Testimony**

Defendant asserts that her counsel failed to present mitigating evidence about Defendant's mental health, specifically about her diagnosis of post-traumatic stress disorder and how it has been aggravated by the judicial process. (ECF No. 172 at 5.) To the contrary, counsel mentioned Defendant's ailment during the sentencing hearing. (ECF No. 180 at 42.) While counsel did not require Defendant's therapist to be present, counsel presented evidence from medical records supplied by mental health professionals. (*Id.* at 42-46.) Moreover, Defendant spoke directly about her mental health during the hearing. (*Id.* at 45.) Defendant also contends that counsel failed to speak about other mitigating factors, such as Defendant's status as caregiver for her mother. However, counsel mentioned this during the hearing as well. (*Id.* at 46.) Similar to Defendant's argument in regard to her sentencing enhancements, this argument is without merit and is in stark contrast to the record. As it relates to this ground, Defendant has not shown that her counsel's performance fell below an objective standard of reasonableness in this regard. *Strickland*, 466 U.S. at 690.

**C.** *Nelson v. Colorado*

Defendant argues that, during the sentencing hearing, her counsel failed to cite *Nelson v. Colorado*, 137 S. Ct. 1249 (2017), as a mechanism to lower the guidelines that consider restitution amounts. (ECF No. 172 at 7.) This precedent, however, does not assist Defendant in lowering the amount of restitution. *Nelson* held the following:

> When a criminal conviction is invalidated by a reviewing court and no retrial will occur, is the state obliged to refund fees, court costs, and restitution exacted from the defendant upon, as a consequence of, the conviction? Our answer is yes. Absent conviction of a crime, one is presumed innocent. Under the

> Colorado law before us in these cases, however, the State retains conviction-related assessments unless and until the prevailing defendant institutes discrete civil proceeding and proves her innocence by clear and convincing evidence. This scheme, we hold, offends the Fourteenth Amendment's guarantee of due process.

137 S. Ct. at 1252.

This court concludes that *Nelson* is not applicable. In *Nelson*, the defendants were forced to prove their innocence after their convictions were acquitted. *Id.* at 1250. The defendants in *Nelson* were advocating for a refund of restitution paid after they were acquitted of their crime. *Id.* Here, Defendant has not been acquitted of her crime and her restitution amount stands. (*See* ECF No. 48.) Therefore, this precedent is not analogous to the instant case.

### D. Counsel as a Meaningful Advocate

First, Defendant asserts that her counsel failed to act as a meaningful advocate because her counsel refused to mention the alleged conduct committed by Defendant's employer, Griffin Thermal Products. (ECF No. 172 at 7.) Defendant does not present sufficient evidence of this allegation. To prevail on an ineffective assistance claim, the defendant needs to present more than conclusory allegations that counsel overlooked exculpatory testimony. *Barkauskas v. Lane*, 946 F.2d 1292, 1295 (7th Cir. 1991). Defendant fails to provide a specific allegation regarding exculpatory testimony. (*See* ECF No. 172 at 7-8.)

Second, Defendant states that counsel negligently advised her regarding a possible sentencing appeal, and she lost her right to appeal her sentence as a result. (ECF No. 172 at 7-8.) However, at the sentencing hearing, the court informed Defendant of her right to appeal. (ECF No. 180 at 63.) Moreover, Defendant entered a guilty plea knowingly and voluntarily. (ECF No. 48.) This awareness shows Defendant was adequately informed of her options and rights to appeal following the sentencing hearing. (ECF No. 180 at 63.)

Lastly, Defendant mentions counsel's failure to object to the Pre-Sentencing Report ("PSR") at the sentencing hearing. (ECF No. 172 at 8.) However, after the PSR was completed, counsel filed objections in a timely manner and restated these at the sentencing hearing. (ECF No. 180 at 2-33.) These objections appear reasonable on the part of Defendant's counsel, but they fail to rise to a constitutional violation. *See United States v. Bowers*, 434 F. App'x 267 (4th Cir. 2011); *United States v. Baeres-Chicas*, 340 F. App'x 875 (4th Cir. 2009); *United States v. Merritt*, 102 F. App'x 303 (4th Cir. 2004).

Put simply and based upon the foregoing, Defendant has failed to present any evidence that her counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 690. Defendant has also failed to show that but for her counsel's alleged errors and deficient performance, Defendant would not have pled guilty and would have gone to trial. *Id.* at 697. In addition to Defendant failing to carry her burden, on June 8, 2016, Defendant stated that she was satisfied with counsel's performance and that she was aware of the consequences of pleading guilty. (ECF No. 76 at 12-14, 33.) Therefore, Defendant cannot satisfy either prong of the *Strickland* test and cannot overcome the "presumption of veracity" underlying her guilty plea. *Blackledge*, 431 U.S. at 74.

## IV. CONCLUSION

For the reasons stated herein, the court does not find that Defendant's counsel provided ineffective assistance of counsel under the Sixth Amendment of the United States Constitution. Accordingly, Defendant's Motion to Vacate (ECF No. 172) is **DENIED**.

## V. CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims as debatable or wrong and that any dispositive procedural ruling by the district court is likely debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met because there is no substantial showing of a constitutional denial.

**IT IS SO ORDERED.**

*/s/ J. Michelle Childs*
United States District Judge

October 23, 2018
Columbia, South Carolina