**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| United States of America, | ) |
| | ) Civil Action No. 6:16-cr-00047-JMC |
| | ) |
| | ) **ORDER AND OPINION** |
| v. | ) |
| | ) |
| Retta Helms Sundblad, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

This matter is before the court on Defendant Retta H. Sundblad's ("Defendant") *pro se* Motion for Compassionate Release (ECF No. 187) filed on March 30, 2020. After reviewing the Motion, pertinent law, and the record, the court **DENIES** Defendant's Motion for Compassionate Release (ECF No. 187) without prejudice.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On January 12, 2016, a grand jury indicted Defendant for devising a scheme and artifice to defraud, in violation of 18 U.S.C. §§ 2 and 1341. (ECF Nos. 1-2.) On June 8, 2016, Defendant entered a guilty plea. (ECF No. 48.) On May 15, 2017, Defendant was sentenced to fifty-one (51) months of imprisonment, three (3) years of supervised release, a special assessment fee of $100.00, and restitution in the amount of $208,548.96. (ECF No. 160.) There was no direct appeal following the sentence.

During Defendant's imprisonment, on March 11, 2020, the World Health Organization characterized COVID-19, also known as the new coronavirus, as a pandemic. Two days later, on March 13, 2020, the President of the United States officially declared a national emergency due to the virus.

1

In her Motion, Defendant requests that the court modify or reduce her sentence of fifty-one (51) months of imprisonment and immediately release her from federal prison to "live with [her] 86-year old mother" due to the seriousness of COVID-19. (ECF No. 187 at 2.) Defendant is a 63-year old non-violent offender. Defendant alleges that she is not a risk to the public if released, and she faces serious and unavoidable health problems if she were to remain incarcerated for the remainder of her sentence due to underlying heart and lung issues. Defendant has clarified that she is seeking release under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 187 at 1.)

## II. LEGAL STANDARD

A district court is not free to modify a term of imprisonment once it has been imposed, except upon motion of the Director of the Bureau of Prisons ("BOP"); or upon motion by the defendant, after she has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on her behalf, or 30 days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009). To warrant a reduction of her sentence in this case, Defendant must present "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

## III. DISCUSSION

After reviewing the applicable law and facts presented here, the court finds that Defendant is not entitled to relief. A court generally may not correct or modify a prison sentence once it has been imposed, unless expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). Defendant seeks modification of her sentence under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21,

2018), which added a provision to allow defendants, not only the Director of the BOP, to file a motion for reduction of sentence **after exhausting administrative remedies or remedies waiting 30 days after the warden's receipt of a request.** (emphasis added). Specifically, Section 3582(c)(1)(A)(i) now provides that:

> the court may reduce an imposed term of imprisonment upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of thirty (30) days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, after considering the applicable factors set forth in section 3553(a).[1]

Here, Defendant, not the BOP, filed the instant Motion. Defendant does not represent that she has exhausted all of her administrative remedies with the BOP under § 3582(c)(1)(A)(i) or that "the exhaustion requirement should be deemed satisfied or entirely dispensed with due to the BOP's failure to address the dangers of the pandemic." *See United States v. Eberhart*, No. 13-cr-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020). Therefore, since Defendant has failed to exhaust her administrative remedies, the court does not possess authority to grant relief under § 3582(c)(1)(A)(i). *See id.*; *see also United States v. Cohen*, No. 1:18-cr-602 (WHP), 2020 WL 1428778, at *1 (S.D.N.Y. Mar. 24, 2020) (finding that the defendant was "manifestly ineligible for compassionate release and ha[d] not exhausted his administrative remedies"); *United States v. Hernandez*, No. 19-cr-834 (PAE), 2020 WL 1445851, at *1 (S.D.N.Y. Mar. 25, 2020).

The court understands why someone in Defendant's situation would be concerned. That concern is shared by everyone who finds themselves currently incarcerated – not just in South Carolina, or the United States, but also globally. However, this court is also bound by the confines

---

[1] In order to grant a compassionate release motion, the court must find that 'extraordinary and compelling' reasons warrant such a reduction and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

of the law, and a district court does not possess the requisite legal authority to modify or reduce a defendant's sentence under a theory of compassionate release where the defendant has not first petitioned the BOP. Alternatively, Defendant would need to either (1) petition the BOP and wait for its determination, (2) establish that "the exhaustion requirement should be deemed satisfied or entirely dispensed with due to the BOP's failure to address the dangers" of the pandemic, or (3) petition this court if, or when, the BOP has not responded to Defendant after 30 days of the warden's receipt of her request. Consequently, Defendant's Motion for Compassionate Release (187) is hereby **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, the court **DENIES** Defendants Motion for Compassionate Release (ECF No. 187) without prejudice.

**IT IS SO ORDERED.**

April 3, 2020
Columbia, SC

*J. Michelle Childs*

United States District Judge