IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America, | Civil Action No. 6:16-cr-00047-JMC |
| v. | **ORDER AND OPINION** |
| Retta Helms Sundblad, | |
| Defendant. | |

This matter is before the court on Defendant Retta H. Sundblad's ("Defendant") *pro se* Motion for Reconsideration (ECF No. 190) filed on April 6, 2020. After reviewing the Motion, pertinent law, and the record, the court **DENIES** Defendant's Motion for Reconsideration (ECF No. 190).

## I. PROCEDURAL AND FACTUAL BACKGROUND

On January 12, 2016, a grand jury indicted Defendant for devising a scheme and artifice to defraud, in violation of 18 U.S.C. §§ 2 and 1341. (ECF Nos. 1-2.) On June 8, 2016, Defendant entered a guilty plea. (ECF No. 48.) On May 15, 2017, Defendant was sentenced to fifty-one (51) months of imprisonment, three (3) years of supervised release, a special assessment fee of $100.00, and restitution in the amount of $208,548.96. (ECF No. 160.) There was no direct appeal following the sentence.

During Defendant's imprisonment, on March 11, 2020, the World Health Organization characterized COVID-19, also known as the new coronavirus, as a pandemic. Two days later, on March 13, 2020, the President of the United States officially declared a national emergency due to the virus.

In her Motion, Defendant requests that the court modify or reduce her sentence of fifty-one (51) months of imprisonment and immediately release her from federal prison to "live with [her] 86-year old mother" due to the seriousness of COVID-19. (ECF No. 187 at 2.) Defendant is a 63-year old non-violent offender. Defendant alleges that she is not a risk to the public if released, and she faces serious and unavoidable health problems if she were to remain incarcerated for the remainder of her sentence due to underlying heart and lung issues. Defendant has clarified that she is seeking release under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 187 at 1.) The court initially denied Defendant's Motion for Compassionate Release. (ECF No. 188.) Since the court's ruling, Defendant has filed what the court construes as a Motion for Reconsideration (ECF No. 190) requesting the court to grant her Motion for Compassionate Release. Defendant's Motion for Reconsideration is ripe for review (ECF No. 190).

## II. LEGAL STANDARD

The Federal Rules of Criminal Procedure have no formal provisions governing motions for reconsideration. *United States v. Fuentes-Morales*, No. 5:14-cr-00556, 2017 WL 541052, at *1 (D.S.C. Feb. 10, 2017). However, the rules and federal case law recognize that such motions may be proper in a criminal setting. *See* Fed. R. Crim. P. 57(b) ("A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district."); *United States v. Dieter*, 429 U.S. 6, 8 (1976) ("The fact that appeals are now routed to the courts of appeals does not affect the wisdom of giving district courts the opportunity promptly to correct their own alleged errors."); *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011) (stating that motions to reconsider are proper in a criminal setting).

The court also looks to the Federal Rules of Civil Procedure for guidance. *United States v. Fuentes-Morales*, 2017 WL 541052, at *1. A court may alter or amend a judgment pursuant

to Rule 59(e) of the Federal Rules of Civil Procedure if the movant shows: (1) an intervening change in the controlling law; (2) new evidence that was not previously available; or (3) a clear error of law or a manifest injustice. *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010). . However, Rule 59(e) motions cannot be used as opportunities to re-litigate issues already ruled upon because the litigant is displeased with the result. *See Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993).

### III. DISCUSSION

After reviewing the applicable law and facts presented here, the court finds that Defendant is not entitled to relief from this court. The court stands by its reasoning in the prior order (ECF No. 188), regarding the requirement to exhaust administrative remedies. While Defendant has asserted that "two guards have contracted" the virus and the virus has also potentially entered her housing facility among other inmates, these facts unfortunately do not remove the procedural barrier. (ECF No. 190 at 1.)

In her Motion for Reconsideration (ECF No. 190), Defendant cites to several cases from various districts where courts have granted similar requests for compassionate release due to COVID-19. However, each of the cases cited by Defendant were inapposite to the facts here because those petitioners exhausted their administrative remedies before petitioning to the district court. *See United States v. Jepsen*, No. 3:19-CV-00073, 2020 WL 1640232 ("First, the Court finds that Mr. Jepsen's motion is properly before the Court pursuant to 18 U.S.C. § 3582(c)(1)(A) because he exhausted available appeals of the administrative denial of his request for compassionate release…"); *United States v. Resnick*, No. 1:12-CR-00152-CM ("Resnick submitted a request for Compassionate Release on February 26, 2020 to the BOP."). Further, the case highlighted by Defendant from the Southern District of Texas, *United States v. Brannan*, No

4:15-CR-80-01, involved an inmate who also attempted to exhaust his administrative remedies, but demonstrated the futility of such attempts when they were ignored.[1]

As the court mentioned in its original Order, the court understands why someone in Defendant's situation would be concerned. That concern is shared by everyone who finds themselves currently incarcerated—not just in South Carolina, or the United States, but also globally. However, this court is also bound by the confines of the law, and a district court does not possess the requisite legal authority to modify or reduce a defendant's sentence under a theory of compassionate release where the defendant has not first petitioned the BOP. The court must apply this standard evenly.

Indeed, the Third Circuit's guidance on this issue is quite instructive. In *United States v. Raia*, No. 20-1033, 2020 WL 1647922, at *1 (3d Cir. Apr. 2, 2020), the Third Circuit was faced with a similar situation. There, an inmate, Raia, requested a compassionate release because he faced heightened risk of serious illness or death from COVID-19 due to his age ((68) sixty-eight-years old), Parkinson's Disease, diabetes, and his heart issues. Raia petitioned the district court without first exhausting his administrative remedies with the BOP. Raia also filed a motion with the Third Circuit Court of Appeals requesting that Court to release him under a theory of compassionate release before the district court had time to rule on the same request. The district court then denied the motion "concluding that the pending appeal divested it of jurisdiction" but noting in a footnote that the district court "would have granted the motion and released Raia to

---

[1] While the one-page order granted Brannan's Motion without much explanation and without mention of the administrative exhaustion requirement, Brannan's Motion for Compassionate Release outlined Brannan's efforts to exhaust his remedies. *See United States v. Brannan,* Case No. 4:15-cr-00080, ECF No. 285 at 5 ("Moreover, Brannan has tried to advocate for himself internally, asking his case manager to request that he be allowed to serve the remainder of his sentence by home confinement…").

home confinement due to the increased risk posed by a custodial term in light of COVID-19." *Raia*, 2020 WL 1647922, at *2. Raia, then petitioned the Third Circuit to remand the case back to the district court. Revealingly, in denying Raia's Motion to Remand, the Third Circuit signaled that the district court's pronouncement to grant Raia's motion despite his failure to exhaust administrative remedies would be improper.

> **But any remand would be futile. As noted, Raia failed to comply with § 3582(c)(1)(A)'s exhaustion requirement: BOP has not had thirty days to consider Raia's request to move for compassionate release on his behalf, nor has Raia administratively exhausted any adverse decision by BOP. Although the District Court's indicative ruling did not mention the exhaustion requirement, it presents a glaring roadblock foreclosing compassionate release at this point.**

*Id*. (emphasis added)

Moreover, the *Raia* Court described the following:

> We do not mean to minimize the risks that COVID-19 poses in the federal prison system, particularly for inmates like Raia. But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread. *See generally* Federal Bureau of Prisons, *COVID- 19 Action Plan* (Mar. 13, 2020, 3:09 PM).

*Id.* at 8.

Similarly, here, the court certainly does not mean to minimize the risks that COVID-19 may cause to Defendant and to inmates like her. However, "given BOP's shared desire for a safe and healthy prison environment" this court concludes that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance. To date, Defendant has not established that she has satisfied that exhaustion requirement.[2] Consequently, Defendant's Motion for Reconsideration (190) is hereby **DENIED**.

---

[2] As mentioned in the initial Order, Section 3582(c)(1)(A)(i) now provides that:

## IV. CONCLUSION

For the foregoing reasons, the court **DENIES** Defendants Motion for Reconsideration (ECF No. 190) and **DENIES** Defendant's Motion for Compassionate Release (ECF No. 187).

**IT IS SO ORDERED.**

April 7, 2020
Columbia, SC

*J. Michelle Childs*
United States District Judge

---

the court may reduce an imposed term of imprisonment upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant **after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of thirty (30) days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.**