**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | Criminal Action No. 6:16-cr-00047-JMC-1 |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Retta Helms Sundblad, | ) | |
| | ) | |
| Defendant. | ) | |

This matter before the court concerns Retta Helms Sundblad's ("Defendant") *pro se*[1] Motion for Compassionate Release filed on November 23, 2020. (ECF No. 195.) After reviewing the Motion, pertinent law, and the record, the court **DENIES AS MOOT** the Motion for Compassionate Release. (*Id.*)

### I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

From 2012 to 2015, Defendant worked at Griffin Thermal Products ("GTP") as a purchasing manager. (ECF No. 201 at 2.) At this role, she primarily ordered materials and supplies for GTP. (*Id.*) Moreover, during her tenure with GTP, Defendant assisted her husband in forming Upstate Industrial Services, LLC ("Upstate Industrial"). (*Id.*) Through an internal audit, GTP determined that GTP sent over $500,000.00 in payments to Upstate Industrial, but GTP never received any products or services in return. (*Id.* at 4.) The checks from GTP to Upstate Industrial were cashed in a joint bank account owned by Defendant and her husband. (*Id.* at 2.)

---

[1] The court is required to interpret *pro se* documents liberally and such documents are held to a less stringent standard than those drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the "special judicial solitude" with which a district court should view *pro se* motions "does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

1

On January 12, 2016, a grand jury indicted Defendant for devising a scheme and artifice to defraud, in violation of 18 U.S.C. § 2 and § 1341. (ECF No. 2.) On June 8, 2016, Defendant entered a guilty plea. (ECF No. 48.) On May 15, 2017, Defendant was sentenced to fifty-one (51) months of imprisonment, three (3) years of supervised release, a special assessment fee of $100.00, and restitution in the amount of $208,548.96. (ECF No. 160.)

On March 30, 2020, Defendant filed her first Motion for Compassionate Release. (ECF No. 187.) This court denied the motion without prejudice because Defendant had not exhausted her administrative remedies. (ECF No. 188.) Thereafter, Defendant filed a document the court construed as a Motion for Reconsideration requesting the court to grant her Motion for Compassionate Release. (ECF No. 190.) Again, the court denied that motion because Defendant still had not exhausted her administrative remedies. (ECF No. 193 at 5.) On April 23, 2020, Defendant was released to home confinement to complete her sentence. (ECF No. 195 at 1.)

On November 23, 2020, Defendant sent a letter to the court requesting early termination of her home confinement followed by a commencement of community supervision so she can care for her 86-year-old mother. (ECF No. 195 at 1.) The court construes this letter as a motion for compassionate release. On April 9, 2021, Defendant completed her sentence and is currently on supervised release.

## II.     JURISDICTION

The court has jurisdiction over this matter pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which provides a federal district court sentencing judge with jurisdiction "to consider a defendant's motion for reduction of sentence based on extraordinary and compelling reasons when the defendant has exhausted his administrative remedies." *United States v. Kubinski*, NO. 3:93 CR28-1H, 2020 WL 2475859, at *2 (E.D.N.C. May 13, 2020).

### III.     ANALYSIS

Defendant completed her incarceration sentence on April 9, 2021 and is currently on supervised release. Therefore, the relief Defendant seeks through her Motion for Compassionate Release (ECF No. 195) has already been achieved and the Motion is moot.

### IV.     CONCLUSION

After a thorough review, the court **DENIES AS MOOT** Defendant's Motion for Compassionate Release. (ECF No. 195.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

June 16, 2022
Columbia, South Carolina